UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

JESSICA BERGIN,

Plaintiff,

-against-

NEW YORK STATE UNIFIED COURT SYSTEM,

Defendant.

-----------------------------------------------------------------------X

Ind. No. 22-CV-5264 (BMC)

**NOTICE OF APPEAL**

**PLEASE TAKE NOTICE** that defendant hereby appeals to the United States Court of Appeals for the Second Circuit from the Decision and Order granting plaintiff's motion for summary judgment on the issue of liability, entered by the Honorable Brian Cogan on October 7, 2024, which, together with the so-ordered Consent Judgment determining the damages, entered on March 10, 2025, constitute a final order for purposes of appeal, a copy of both are annexed hereto.

Dated: March 26, 2025

Respectfully submitted,

DAVID NOCENTI
Counsel
Office of Court Administration
Attorney for Defendant UCS

By: ______________________
MICHAEL J. SIUDZINSKI
Assistant Deputy Counsel
25 Beaver Street, 10th Fl.
New York, New York 10004
(212) 428-2150

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

JESSICA BERGIN,

Plaintiff,

-against-

NEW YORK STATE UNIFIED COURT SYSTEM,

Defendant.

---------------------------------------------------------------X

**CONSENT JUDGMENT AND ORDER**

22-cv-5264 (BMC)

This CONSENT JUDGMENT AND ORDER (hereinafter "Consent Judgment") is made by and between Plaintiff Jessica Bergin ("Plaintiff") and Defendant New York State Unified Court System (hereinafter "UCS"), as of the date this Consent Judgment is "So Ordered" by a Judge of the United States District Court for the Eastern District of New York:

**WHEREAS**, on or about September 2, 2022, Plaintiff commenced the above-captioned civil action by filing a complaint (the "Complaint") in the United States District Court for the Eastern District of New York, Case Number 22-cv-5264, against Defendant UCS;

**WHEREAS**, the Complaint alleged a single claim against Defendant UCS pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII");

**WHEREAS**, the allegations and claim in the Complaint, together with any related filings and proceedings, constitute "the Action";

**WHEREAS**, Defendant UCS and the State of New York expressly deny any wrongful conduct or liability, or violation of any federal, state or local statute, ordinance or law, in connection with the events alleged in the Action;

**WHEREAS**, by Decision and Order, dated October 7, 2024, the Court (Cogan, J.)

granted Plaintiff's Motion for Summary Judgment, finding Defendant UCS liable for Plaintiff's Title VII claim in all respects and allowing the Action to proceed to trial for purposes of determining damages and other relief for Plaintiff's Title VII claim, and denying Defendant's Motion for Summary Judgment;

**WHEREAS**, Defendant UCS desires to pursue an appeal of the legal questions raised in its Motion for Summary Judgment, denied by the Court's October 7, 2024 Decision and Order, and Plaintiff and Defendant desire to resolve the issue of reasonable damages, both economic and compensatory, without further proceedings before the District Court including a trial in the Action;

**WHEREAS**, no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party to this Consent Judgment has an interest in the subject matter of the Action; and

**NOW**, **THEREFORE**, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Consent Judgment, Plaintiff and Defendant hereby stipulate and agree, and the Court orders, as follows:

1. **Final Order**: Plaintiff and Defendant intend that this Consent Judgment together with the Court's October 7, 2024 Decision and Order, which is attached hereto as Exhibit A and incorporated by reference herein, constitute a final order in this Action for purposes of taking an appeal to the United States Court of Appeals, Second Circuit. No further litigation or proceedings shall be taken regarding the issue of damages and attorneys' fees and costs, except attorneys' fees and costs that may arise after execution of this Consent Judgment.

2. **Appeal and Fulfillment of Terms**: Upon the Court's so-ordering of this Consent Judgment, Defendant may seek an appeal, pursuant to all applicable federal statutes and rules, of

Case 1:22-cv-05264-BMC Document 46 Filed 03/20/25 Page 4 of 20 PageID #: 761

any legal questions raised by the Complaint, Defendant's Motion for Summary Judgment, and the Court's October 7, 2024 Decision and Order in this Action. "Time for Payment": Payments are contingent upon Plaintiff's prevailing party status at the conclusion of the case and in no event will Plaintiff be entitled to demand or receive the payments referenced in this Consent Judgment prior to the issuance of a mandate by the U.S. Court of Appeals for the Second Circuit affirming the final judgment, or the voluntary withdrawal of the appeal by Defendant, or a determination by Defendant to not appeal (signified by Defendant's decision not to file a notice of appeal and the expiration of the time for same).

3. **Salary Step Increase**: For and in consideration of Plaintiff's execution of this Consent Judgment, her agreement to be bound by its terms, and her undertakings as set forth herein, Defendant UCS shall increase Plaintiff's "salary step" a single step in the Pay Schedule attached to and incorporated into the collective bargaining agreement between UCS and Plaintiff's employee union, the New York State Court Officers Association, in effect at the time of fulfilment of the terms herein. The salary step required hereunder shall be effectuated in Plaintiff's official payroll records no later than 10 business days after the Time for Payment set forth in Paragraph 2.

4. **Payment to Plaintiff by Defendant Unified Court System**:

For and in consideration of Plaintiff's execution of this Consent Judgment, her agreement to be bound by its terms, and her undertakings as set forth herein, subject to any withholding for taxes to the State of New York and the United States Internal Revenue Service ("IRS"), Defendant UCS shall pay the sum of Ninety-Five Thousand and Fifty-Four Dollars and Zero Cents ($95,054.00) which, together with those payments detailed in Paragraph 5, shall be full and complete satisfaction of all claims, allegations, or actions, direct or indirect, known or

unknown, that Plaintiff had, has, or may have against Defendant UCS and or the New York State Office of Court Administration ("OCA") (including, but not limited to, any of UCS's and/or OCA's officials, employees, or agents, whether in their individual or official capacities), and/or the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof) arising out of any conduct, acts or omissions prior to, and as of the date of this Consent Judgment, including but not limited to those asserted in the Action. Payment of the above-referenced sum shall be made as follows:

(a) A single payment in the gross amount of Ninety-Five Thousand and Fifty-Four Dollars and Zero Cents ($95,054.00), less applicable income tax withholdings and deductions, for which an I.R.S. Form W2 shall be issued to Plaintiff Jessica Bergin, and which shall be full and complete satisfaction of any and all claims, allegations, or causes of action for back pay, lost wages, lost overtime, and all other income-related damages incurred by Plaintiff in connection with any of the acts, transactions, occurrences, or omissions asserted in the Action against Defendants.

(b) The payment as set forth in subsection (a) of this paragraph shall be made payable to the order of Jessica Bergin.

5. **<u>Payments to Plaintiff and Plaintiff's Attorneys</u>:** For and in consideration of Plaintiff's execution of this Consent Judgment, her agreement to be bound by its terms, and her undertakings as set forth herein, the State of New York, on behalf of Defendant, shall pay the total sum of One Hundred Forty Thousand and Three Hundred and Twenty-Nine Dollars and Fifty Cents ($140,329.50) which, together with those payments detailed in Paragraph 4, shall be full and complete satisfaction of all claims, allegations, or actions, direct or indirect, known or

unknown, that Plaintiff had, has, or may have against Defendant UCS and/or the New York State Office of Court Administration ("OCA") (including, but not limited to, any of UCS's and/or OCA's officials, employees, or agents, whether in their individual or official capacities), and/or the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof) arising out of any conduct, acts or omissions prior to, and as of the date of this Consent Judgment , including but not limited to those asserted in the Action. Payment of the above-referenced sum shall be made as follows:

(a) A single payment in the gross amount of One Hundred Forty Thousand and Three Hundred and Twenty-Nine Dollars and Fifty Cents ($140,329.50), for which an I.R.S. Form 1099 shall be issued, and which shall be full and complete satisfaction of any and all claims, allegations, or causes of action for compensatory damages (including, but not limited to, physical injury, pain and suffering, mental and emotional anguish and trauma, reputational damages, punitive damages, and liquidated damages), and any and all claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff for any and all legal counsel who have at any time represented Plaintiff in the Action as well as in connection with any of the acts, transactions, occurrences, or omissions asserted in the Action against Defendant.

(b) The payment as set forth in subsection (a) of this paragraph shall be made payable to the order of Steven M. Warshawsky as attorney for Jessica Bergin, 118 North Bedford Road, Suite 100, Mount Kisco, NY, 10549.

6. **Payments and Accrual of Interest:** Payment for the above-described amounts

shall not become due until the Time for Payment as described in Paragraph 2 or upon written agreement of the parties or their representatives. In the event that payment of either amount specified in Paragraphs 4 and 5 of this Consent Judgment has not been made by the one hundred twentieth (120th) day after the Time for Payment, interest on any part of the amount not paid by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day.

7. **Responsibility of Plaintiff and Plaintiff's Attorneys for Taxes:** With the exception of any payroll taxes withheld on the payment referred to in Paragraph 4 herein, any other taxes, or interest or penalties on taxes, on the payments referred to in Paragraph 5 of this Consent Judgment shall be the sole and complete responsibility of Plaintiff (or Plaintiff's attorneys respectively, for fees paid to said attorneys). Plaintiff and Plaintiff's attorneys acknowledge and agree that they shall have no claim, right, or cause of action against UCS and/or OCA (including, but not limited to, any of UCS's and/or OCA's officials, employees, or agents, whether in their individual or official capacities), nor the State of New York, or any of their agencies, departments, divisions, officers, employees, agents, attorneys, insurers, and assigns, whether in their individual or official capacities, or any of them, or all of them, on account of such taxes, interest, or penalties.

8. **Binding Effect on Successors and Assigns:** The terms and conditions of this Consent Judgment shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

9. **Authority:** Each signatory to this Consent Judgment hereby represents and warrants that he, she, or it has the requisite authority to enter into this Consent Judgment, and has not previously assigned or transferred any rights or interests with respect to the matters covered

by this Consent Judgment.

10. **Voluntary Agreement:** Plaintiff represents that she has thoroughly discussed all aspects of this Consent Judgment with her attorneys, that she is represented by counsel, and Plaintiff represents that she has carefully read and fully understands all of the provisions of the Consent Judgment. Plaintiff represents that she executes and delivers the Consent Judgment voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that she understands its terms, contents, and effect. Plaintiff acknowledges that she has been advised of her right to seek the advice of an attorney and that she is and has been represented by counsel of her own choosing before agreeing to the terms of this Consent Judgment, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or any one acting on behalf of any party.

11. **Negotiated Agreement**: The parties acknowledge that each party has participated and cooperated in the drafting and preparation of this Consent Judgment. The language in all parts of this Consent Judgment shall be in all cases construed according to its fair meaning and not strictly for or against any party.

12. **No Admission of Liability:** Defendant UCS acknowledges the findings made by the Court in its October 7, 2024 Decision and Order; however, nothing contained herein shall constitute an admission by Defendant UCS or the State of New York that they deprived Plaintiff of any right or failed to perform any duty under the constitutions, charters, statutes, rules, regulations, or other laws of the United States or, the State of New York, or the City of New York, or that any action or inaction by them was unlawful or wrongful. It is understood and agreed that any actions taken or payments made pursuant to this Consent Judgment are made solely to avoid the burdens and expense of protracted litigation; that this Consent Judgment and

the actions taken and payments made pursuant hereto are not to be construed as constituting any admission of wrongdoing or liability on the part of Defendant, the State of New York, or any of their present and former agencies, entities, departments, offices, subdivisions, subsidiaries, affiliates, administrators, principals, officers, employees, directors, members, trustees, shareholders, agents, attorneys, insurers, heirs and assigns, whether in their individual or official capacities, or any of them, or all of them, and that they expressly deny any wrongdoing or liability. Nothing contained in this Consent Judgment shall be deemed to constitute a policy, custom, or practice of Defendant UCS and/or OCA, or the State of New York, or any of their offices, agencies, departments, divisions, subdivisions, officials, employees, or agents, whether in their individual or official capacities.

13. **Headings:** The headings contained in this Consent Judgment are for convenience of reference only and are not a material part of this Consent Judgment.

14. **Submission to the Court:** Upon signature by all parties and counsel for parties, this Consent Judgment shall be submitted without further notice to the Court to be "So Ordered" and publicly filed on the Court's docket.

15. **Counterparts:** This Consent Judgment may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument, and may be executed by facsimile or PDF signature and notary seal.

16. **Acknowledgement of Full Understanding:** Plaintiff acknowledges and agrees that Plaintiff has fully read, understand, and voluntarily enters into this Consent Judgment. Plaintiff acknowledges and agrees that Plaintiff has had an opportunity to ask questions and consult with an attorney of Plaintiff's choice before signing this Consent Judgment.

**IN WITNESS WHEREOF**, the parties hereto acknowledge that they have read this

Consent Judgment and accept and agree to the provisions contained herein, and have each executed this Consent Judgment to be effective on the day and date indicated below.

Dated: March 8, 2025

JESSICA BERGIN

STATE OF New York )
) ss.:
COUNTY OF Richmond )

On the 8th day of March, 2025, before me personally came and appeared JESSICA BERGIN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Christine Rizzo.
NOTARY PUBLIC

CHRISTINE RIZZO
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01RI5023709
QUALIFIED IN RICHMOND COUNTY
MY COMMISSION EXPIRES 03/26/2026

Dated: March 10, 2025

THE WARSHAWSKY LAW FIRM
*Attorney for Plaintiff*
By:

Steven Warshawsky
118 North Bedford Rd., Suite ~~340~~ 100
Mount Kisco, NY ~~10459~~ 10549
(914) 864-3353

Dated: March 10, 2025

DAVID NOCENTI
Counsel, NYS Office of Court Administration
*Attorney for Defendant UCS*

By:

Michael J. Siudzinski
Assistant Deputy Counsel
25 Beaver Street, 10th Floor
New York, NY 10004
(212) 428-2150

Dated: March 10, 2025

**SO ORDERED:**

Brian M. Cogan

Honorable Brian M. Cogan
United States District Judge

# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------- X

JESSICA BERGIN,

Plaintiff,

-against-

NEW YORK STATE UNIFIED COURT SYSTEM,

Defendant.

----------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

22-cv-5264 (BMC)

**COGAN**, District Judge.

This is an action for religious discrimination under Title VII brought by a court officer employed by the New York Unified Court System. Plaintiff contends that her employer failed to accommodate her request for a religious exemption from its COVID-19 vaccination policy. Plaintiff also claims that defendant has not demonstrated any undue hardship that would result from granting her reasonable accommodations to the COVID-19 vaccination policy. This case is before the Court on the parties' cross-motions for summary judgment.

**BACKGROUND**

Plaintiff Jessica Bergin is a Christian and a member of International Christian Center, a General Council Church of the Assemblies of God. Plaintiff holds the religious belief that receiving a vaccine developed or tested with aborted fetal cell lines perpetuates the evil of abortion. When defendant issued an official memorandum requiring employees to receive COVID-19 vaccinations, plaintiff submitted a request for a religious accommodation to comply with the vaccine policy according to the process defendant had created for such requests. Plaintiff included a three-page letter, including quotes from scripture that supported her beliefs,

and a letter from her pastor, explaining plaintiff's sincerely held religious beliefs that prevented her from complying with the vaccine mandate.

Defendant responded with a letter requesting "more information before it can make a final determination" about plaintiff's religious accommodation request, including a questionnaire with follow-up questions. Plaintiff then submitted another personal statement explaining her religious beliefs and how they conflicted with the vaccine mandate. Plaintiff did not fill out the questionnaire, except to direct defendant to her personal statement for the answers to defendant's questions. Plaintiff did not include answers to defendant's questions about her use of other medications and vaccines, asserting that it was important to her to keep her medical information private.

After the deadline for responding to the questionnaire had passed, defendant denied plaintiff's request for a religious accommodation. Plaintiff then submitted another response to the questionnaire, this time filling out the questionnaire completely. Counsel for defendant notified plaintiff's supervisor that plaintiff had submitted this "new religious exemption request" but that the previous decision denying plaintiff's request was final, and the new request would not be considered. When plaintiff did not show proof of a COVID-19 vaccination by the requisite deadline, she was put on administrative leave until she used all of her accrued paid leave days, at which point she was terminated for failing to comply with the vaccine mandate.

Plaintiff then commenced this lawsuit. Her complaint states one claim for religious discrimination under Title VII. Defendant has since rescinded its vaccination policy and reinstated plaintiff. Both parties have cross-moved for summary judgment.

## DISCUSSION

### I. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is warranted where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view all facts in the light most favorable to the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59 (1970)). There is no genuine issue of material fact "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Lovejoy-Wilson v. NOCO Motor Fuel, Inc., 263 F.3d 208, 212 (2d Cir. 2001) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

"Cross-motions for summary judgment do not alter [this] basic standard, but simply require the court to determine whether either of the parties deserves judgment as a matter of law on facts that are not in dispute." AFS/IBEX v. AEGIS Managing Agency Ltd., 517 F. Supp. 3d 120, 123 (E.D.N.Y. 2021) (citing Morales v. Quintel Entm't, Inc., 249 F.3d 115, 121 (2d Cir. 2001)). A court need not grant summary judgment for either party, "[r]ather, each party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration." Morales, 249 F.3d at 121 (citing Schwabenbauer v. Bd. of Educ., 667 F.2d 305, 314 (2d Cir. 1981)).

### II. Religious Discrimination

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such

individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Under Title VII, "[t]he term 'religion' includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j). Accordingly, it is "an unlawful employment practice . . . for an employer not to make reasonable accommodations, short of undue hardship, for the religious practices of his employees and prospective employees." Trans World Airlines. Inc. v. Hardison, 432 U.S. 63, 74 (1977).

To establish a *prima facie* case of failure to accommodate under Title VII, plaintiffs "must show that '(1) they held a bona fide religious belief conflicting with an employment requirement; (2) they informed their employers of this belief; and (3) they were disciplined for failure to comply with the conflicting employment requirement.'" Baker v. The Home Depot, 445 F.3d 541, 546 (2d Cir. 2006) (quoting Knight v. Conn Dep't of Pub. Health, 275 F.3d 156, 167 (2d Cir. 2001)). If a plaintiff has established a *prima facie* case, "the burden then shifts to the employer to show it could not accommodate the employee['s] religious beliefs without undue hardship." Vasquez v. City of New York - Off. of Mayor, No. 22-cv-5068, 2024 WL 1348702, at *5 (E.D.N.Y. Mar. 30, 2024).

### A. *Prima Facie* Case

Here, the parties do not dispute, and the Court agrees, that plaintiff has satisfied the first and third factors for her *prima facie* case: plaintiff held a bona fide religious belief conflicting with defendant's vaccine policy and she was terminated for her failure to comply with this policy. The remaining question is whether plaintiff adequately informed defendant of her religious belief through her request for accommodation.

"An employer need have 'only enough information about an employee's religious needs to permit the employer to understand the existence of a conflict between the employee's religious practices and the employer's job requirements.'" Hickey v. State Univ. of New York at Stony Brook Hosp., No. 10-cv-1282, 2012 WL 3064170, at *7 (E.D.N.Y. July 27, 2012) (quoting Brown v. Polk Cnty., Iowa, 61 F.3d 650, 654 (8th Cir. 1995)). Specifically, submitting a "religious accommodation form with a two-page letter that detail[s] religious objections to [a] COVID-19 vaccination requirement" is sufficient to inform an employer of an employee's religious objections to a vaccine policy. Jackson v. New York State Off. of Mental Health - Pilgrim Psychiatric Ctr., No. 23-cv-04164, 2024 WL 1908533, at *6 (E.D.N.Y. May 1, 2024) (citations omitted). This is exactly what plaintiff did here.

It is undisputed that plaintiff submitted a religious accommodation form, personal statement, and statement from her pastor detailing plaintiff's religious beliefs that conflict with defendant's vaccine mandate. This was sufficient to satisfy the requirement that plaintiff inform defendant of her conflicting religious beliefs with an employment requirement. Plaintiff's failure to properly fill out defendant's questionnaire asking follow-up questions does not change this analysis, as plaintiff had already adequately informed defendant of her beliefs.

Nor does plaintiff's failure to properly complete the questionnaire create a question of material fact about the sincerity of plaintiff's religious beliefs. Defendant does not contest, based on her initial request alone, that plaintiff had a sincerely held religious belief in conflict with the vaccine mandate. In fact, defendant has admitted, through its Rule 30(b)(6) witness and Chief of Administration, that plaintiff's initial request for a religious accommodation was "perfectly adequate" and "explained a religious belief." Given the lack of dispute regarding plaintiff's sincerely held religious belief in conflict with the vaccine mandate, plaintiff's failure to properly

fill out the questionnaire does not change the fact that plaintiff has satisfied this prong of the *prima facie* case for a failure to accommodate religious beliefs under Title VII.

Defendant relies on Ferrelli v. Unified Court System, No. 22-cv-68, 2022 WL 673863 (N.D.N.Y. March 7, 2022), which involved the same vaccine mandate and the same supplemental questionnaire, to reach a contrary conclusion. There, the plaintiffs sought to invalidate the vaccine mandate on religious freedom grounds. The court held that the vaccine mandate was a neutral and generally applicable requirement, and that the supplemental questionnaire could be used to test the sincerity of employees' claimed religious beliefs: "[T]he Court finds that a limited factual inquiry of the type pursued by Defendants is narrowly tailored to stem the spread of COVID-19 because it enables the state to distinguish between sincerely held religious beliefs and those beliefs that are either contrived or not religious in nature." Id. at *8.

The instant case is very different. Plaintiff is challenging neither the vaccine mandate nor the right of defendant to inquire about the sincerity of its employees' religious beliefs through the supplemental questionnaire. Instead, she is asserting, as defendant has conceded, that her initial exemption claim was "religious" and "not contrived." The initial exemption claim was satisfactory to show that her religious belief was sincerely held, and therefore the supplemental questionnaire, in her particular case, was superfluous.

Because there is no dispute that plaintiff held a bona fide religious belief conflicting with defendant's vaccine policy or that plaintiff was terminated for her failure to comply with this policy, and the undisputed facts show that plaintiff met the legal test for adequately informing defendant of this belief, there is a *prima facie* case of failure to accommodate plaintiff's religious beliefs under Title VII.

### B. Undue Hardship

This Court agrees with defendant that "considering and responding to employees' inquiries, submissions, and requests made after the deadline would have been an undue hardship on its operations." Plaintiff's supplemental response to the questionnaire, submitted after the vaccine policy's deadline, cannot be considered in determining whether defendant failed to accommodate plaintiff's religious beliefs.[1]

However, dispensing with any obligation to consider plaintiff's late response does not alter the fact that plaintiff has demonstrated a *prima facie* case without regard to the supplemental questionnaire, and that it would have been no hardship at all on defendant – which, again, concedes the sincerity of her initial exemption claim – to grant the exemption. Based on that first request, there is no dispute of material fact that plaintiff had a bona fide religious belief that conflicted with the vaccine mandate, defendant knew of this belief, and defendant terminated plaintiff for her failure to comply with the vaccine mandate. There was no need, and therefore no undue hardship, for defendant to consider plaintiff's late supplemental response.

Furthermore, there would have been no undue hardship in granting plaintiff's religious accommodation request. First, defendant granted 555 religious accommodation requests (out of 937 applications), permitting accommodations of the same sort requested by plaintiff. Second, defendant has since rescinded its vaccination policy and, tellingly, reinstated plaintiff to her former position over a year ago.[2]

---

[1] An accommodation is an undue hardship when it is "substantial in the overall context of an employer's business." Groff v. DeJoy, 600 U.S. 447, 468 (2023). Defendant received, and had to evaluate, over 1,200 employee exemption requests, comprising 7.5% of defendant's total staff. The committee that reviewed these requests spent hundreds of hours reviewing employees' requests. It would be an undue hardship to require defendant to consider employees' requests or supplemental responses received after the deadline.

[2] Defendant's final argument is that E.E.O.C. v. Abercrombie & Fitch Stores, Inc., 575 U.S. 768 (2015), requires plaintiff to show that defendant was motivated to discriminate against her. The case does not apply in this context. Abercrombie merely held that when the employee (or prospective employee, as in that case) does not inform the

If defendant wanted to send out a supplemental questionnaire for every claim of religious exemption, there was, as Ferrelli holds, no constitutional impediment in doing so. But if the claim for religious exemption itself presented sufficient grounds to grant the exemption, as defendant concedes it did here, defendant could not use the failure to timely complete the supplemental questionnaire as a reason to deny the exemption.

**CONCLUSION**

Plaintiff's motion for summary judgment [26] is granted and defendant's motion for summary judgment [27] is denied. By separate order, the Court will set this matter down for trial on the issue of damages.

**SO ORDERED.**

Brian M. Cogan
U.S.D.J.

Dated: Brooklyn, New York
October 7, 2024

employer of her need for a religious accommodation, the employer's employment decision, if motivated in substantial part by the desire to frustrate the exercise of the religious practice without the presence of an undue burden, is still actionable under Title VII. Here, defendant was well aware of plaintiff's need for a religious exemption.

APPEAL,ACO

# U.S. District Court
# Eastern District of New York (Brooklyn)
# CIVIL DOCKET FOR CASE #: 1:22−cv−05264−BMC

Bergin v. New York State Unified Court System
Assigned to: Judge Brian M. Cogan
Cause: 42:2000e Job Discrimination (Employment)

Date Filed: 09/02/2022
Date Terminated: 03/10/2025
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**

**Jessica Bergin** represented by **Steven M Warshawsky**
Law Firm of Steven M. Warshawsky
118 North Bedford Road
Suite 100
Mount Kisco, NY 10549
914−864−3353
Email: smw@warshawskylawfirm.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**New York State Unified Court System** represented by **Michael John Siudzinski**
NYS Office of Court Administration
25 Beaver St., 10th Fl
10004
New York, NY 10004
212−428−2150
Fax: 212−428−2155
Email: msiudzin@nycourts.gov
*ATTORNEY TO BE NOTICED*

**Robyn Leigh Rothman**
New York State Unified Court System
Office of Court Administration Counsel's Office
25 Beaver Street
Ste 10th Floor
New York, NY 10004
212−428−2150
Email: rrothman@nycourts.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/02/2022 | 1 | COMPLAINT against New York State Unified Court System filing fee $ 402, receipt number ANYEDC−15905883 Was the Disclosure Statement on Civil Cover Sheet completed −NO,, filed by Jessica Bergin. (Attachments: # 1 Civil Cover Sheet) (Warshawsky, Steven) (Entered: 09/02/2022) |
| 09/07/2022 | 2 | NOTICE by Jessica Bergin re 1 Complaint, *EEOC Right to Sue Notice (attachment to complaint)* (Warshawsky, Steven) (Entered: 09/07/2022) |
| 09/07/2022 | | Case Assigned to Judge Brian M. Cogan. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (Davis, Kimberly) (Entered: 09/07/2022) |
| 09/07/2022 | 3 | In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that ***if*** all parties consent a United States magistrate judge |

| | | |
|---|---|---|
| | | of this court is available to conduct all proceedings in this civil action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed electronically **only if all** parties wish to consent. The form may also be accessed at the following link: http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf. **You may withhold your consent without adverse substantive consequences**. **Do NOT return or file the consent unless all parties have signed the consent.** (Davis, Kimberly) (Entered: 09/07/2022) |
| 09/07/2022 | 4 | This attorney case opening filing has been checked for quality control. See the attachment for corrections that were made, if any. (Davis, Kimberly) (Entered: 09/07/2022) |
| 09/07/2022 | 5 | SCHEDULING ORDER: A telephonic Initial Status Conference is set for 10/21/2022 at 10:30 am. Parties will use the toll−free number 888−684−8852 followed by access code 6427877#. When the conference begins parties will be prompted to input the security code 5264#. See attached mandatory requirements for the conference. Ordered by Judge Brian M. Cogan on 9/7/2022. (Weisberg, Peggy) (Entered: 09/07/2022) |
| 09/16/2022 | 6 | NOTICE of Change of business address and telephone number Once the filing has been made, you must login to www.pacer.gov and update your account. (Warshawsky, Steven) (Entered: 09/16/2022) |
| 09/30/2022 | 7 | MOTION to Adjourn Conference *(plaintiff's request to adjourn initial conference, presently scheduled for October 21, 2022, due to lack of contact with attorney for defendant)* by Jessica Bergin. (Warshawsky, Steven) (Entered: 09/30/2022) |
| 09/30/2022 | | ORDER denying 7 Motion to Adjourn Conference with leave to renew after 10/14/2022. This case is going to move a lot faster than plaintiff's counsel seems to think. Interim dates can be shortened between the parties to permit appearance at the Initial Status Conference. Ordered by Judge Brian M. Cogan on 9/30/2022. (Weisberg, Peggy) (Entered: 09/30/2022) |
| 10/14/2022 | 8 | NOTICE of Appearance by Michael John Siudzinski on behalf of New York State Unified Court System (aty to be noticed) (Siudzinski, Michael) (Entered: 10/14/2022) |
| 10/14/2022 | 9 | WAIVER OF SERVICE Returned Executed by Jessica Bergin. New York State Unified Court System waiver sent on 9/7/2022, answer due 11/6/2022. (Warshawsky, Steven) (Entered: 10/14/2022) |
| 10/14/2022 | 10 | Letter *(Joint Letter pursuant to Court's Initial Conference Order)* by Jessica Bergin (Warshawsky, Steven) (Entered: 10/14/2022) |
| 10/19/2022 | 11 | MOTION to Adjourn Conference , MOTION for pre motion conference by New York State Unified Court System. (Siudzinski, Michael) (Entered: 10/19/2022) |
| 10/19/2022 | | ORDER deferring ruling on 11 . The Court will address defendant's proposed motion at the Initial Status Conference. Ordered by Judge Brian M. Cogan on 10/19/2022. (PW) (Entered: 10/19/2022) |
| 10/21/2022 | | Minute Entry and Order for Initial Status Conference held on 10/21/2022 before Judge Brian M. Cogan. Counsel for both sides appeared by telephone. The premotion conference is waived. The Court set the following briefing schedule: defendant shall file its motion to dismiss by 11/4/2022; opposition due 11/18/2022; reply due 11/23/2022. Discovery is stayed pending further order. (PW) (Entered: 10/21/2022) |
| 11/04/2022 | 12 | MOTION to Dismiss for Failure to State a Claim by New York State Unified Court System. (Siudzinski, Michael) (Entered: 11/04/2022) |
| 11/04/2022 | 13 | AFFIDAVIT/DECLARATION in Support re 12 MOTION to Dismiss for Failure to State a Claim filed by New York State Unified Court System. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E) (Siudzinski, Michael) (Entered: 11/04/2022) |
| 11/04/2022 | 14 | MEMORANDUM in Support re 12 MOTION to Dismiss for Failure to State a Claim , 13 Affidavit in Support of Motion, filed by New York State Unified Court System. (Siudzinski, Michael) (Entered: 11/04/2022) |

| | | |
|---|---|---|
| 11/18/2022 | 15 | MEMORANDUM in Opposition re 12 MOTION to Dismiss for Failure to State a Claim filed by Jessica Bergin. (Warshawsky, Steven) (Entered: 11/18/2022) |
| 11/18/2022 | 16 | AFFIDAVIT/DECLARATION in Opposition re 12 MOTION to Dismiss for Failure to State a Claim *(attorney declaration submitting materials in support of Plaintiff's opposition)* filed by Jessica Bergin. (Attachments: # 1 Jessica Bergin revised answers to supplemental questionnaire, # 2 Summary chart showing application timelines for 35 UCS employees, # 3 Amended Verified Petition in state court case where timeline information was obtained, # 4 Responses (objections) to supplemental questionnaire from two other UCS employees) (Warshawsky, Steven) (Entered: 11/18/2022) |
| 11/22/2022 | 17 | NOTICE of Appearance by Robyn Leigh Rothman on behalf of New York State Unified Court System (aty to be noticed) (Rothman, Robyn) (Entered: 11/22/2022) |
| 11/23/2022 | 18 | REPLY in Support re 12 MOTION to Dismiss for Failure to State a Claim filed by New York State Unified Court System. (Rothman, Robyn) (Entered: 11/23/2022) |
| 11/27/2022 | | ORDER denying 12 Motion to Dismiss for Failure to State a Claim. It is not at all clear to the Court which side stopped participating in the interactive process. It is true that instead of answering the questions on the questionnaire, plaintiff objected to each question and explained why she was objecting. That was arguably not an abandonment of the interactive process; for all she knew, defendant might have acknowledged her objection and dispensed with the need for the questionnaire. It is not as if she failed to respond at all; rather, she interacted by sending in the questionnaire with her objections. When defendant then dug in and effectively told her that her objections were not acceptable, plaintiff interacted again shortly thereafter (apparently after consulting with counsel), submitting what appear to be adequate responses to the questionnaire. It was then that defendant refused to interact by declining to even consider her revised submission. Thus, it may well turn out that it was defendant who unreasonably terminated the interactive process.<br><br>Defendant seems to believe that it is sufficient for an employer to say: "We have an interactive process that has prescribed steps. You have to do it precisely as we lay it out or you will be found to not have interacted and you will be given no second chance." But the employer is not immune just by having a process because, by its nature, "the interactive process is usually a 'fact−sensitive and case−by−case inquiry into the good faith and reasonable efforts of the parties in light of the complete set of circumstances.' *Feringa v. Andrews*, No. 19−cv−656, 2021 WL 2036676, at *9 (N.D.N.Y. May 20, 2021), quoting, *Quadir v. N.Y. State Dep't of Labor*, 39 F. Supp. 3d 528, 540 (S.D.N.Y. 2014). Both the employer and the employee must reasonably communicate. *See Sheng v. M&T Bank Corp.*, 848 F.3d 78, 87 n.3 (2d Cir. 2017); *McBride v. BIC Consumer Prod. Mfg. Co.*, 583 F.3d 92, 102 (2d Cir. 2009) (citing *Parker v. Columbia Pictures Industries*, 204 F.3d 326 (2d Cir. 2000)). These cases can rarely be determined solely by the employer's formulaic application of its dispute resolution plan. Ordered by Judge Brian M. Cogan on 11/27/2022. (Cogan, Brian) (Entered: 11/27/2022) |
| 11/27/2022 | | SCHEDULING ORDER: Status Conference is scheduled for 11/30/2022 at 10:30 AM to discuss a discovery schedule. Parties will use the toll−free number 888−684−8852 followed by access code 6427877#. When the conference begins parties will be prompted to input the security code 5264#. Ordered by Judge Brian M. Cogan on 11/27/2022. (PW) (Entered: 11/27/2022) |
| 11/30/2022 | | Minute Entry and Order for Status Conference held before Judge Brian M. Cogan on 11/30/2022. Both sides present by telephone. Defendant's answer is due 12/14/2022. Defendant to produce limited discovery by 1/13/2023 regarding UCS employees who sought a religious exemption to UCS' COVID−19 vaccine policy and were asked to complete the "Request for Medical Exemption" form. The next status conference is set for 1/26/2023 at 5:00 pm. Parties will use the toll−free number 888−684−8852 followed by access code 6427877#. When the conference begins parties will be prompted to input the security code 5264#. (PW) (Entered: 11/30/2022) |
| 12/13/2022 | 19 | ANSWER to 1 Complaint, by New York State Unified Court System. (Siudzinski, Michael) (Entered: 12/13/2022) |
| 01/12/2023 | 20 | Letter *: Submission of Confidentiality Stipulation and Proposed Protective Order to be So−Ordered* by New York State Unified Court System (Attachments: # 1 Proposed |

| | | |
|---|---|---|
| | | Order) (Siudzinski, Michael) (Entered: 01/12/2023) |
| 01/24/2023 | | Set/Reset Hearing: Status Conference set for 5:00 pm on 1/26/2023 is reset to 2:15 pm. Parties will use the toll−free number 888−684−8852 followed by access code 6427877#. When the conference begins parties will be prompted to input the security code 5264#. (PW) (Entered: 01/24/2023) |
| 01/26/2023 | 21 | CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER. ( Ordered by Judge Brian M. Cogan on 1/26/2023 ) (RG) (Entered: 01/26/2023) |
| 01/26/2023 | | Minute Entry and Order for Status Conference held on 1/26/2023 before Judge Brian M. Cogan. Counsel for both sides present by telephone. Plaintiff must file documentation regarding comparator employees by 2/2/2023. Next status conference set for 2/16/2023 at 6:30 pm. Parties will use the toll−free number 888−684−8852 followed by access code 6427877#. When the conference begins parties will be prompted to input the security code 5264#. (PW) (Entered: 01/26/2023) |
| 02/01/2023 | 22 | Letter *to Judge Cogan submitting employee comparator files (redacted for names and unique identifying information)* by Jessica Bergin (Attachments: # 1 Plaintiff's Supplemental Affidavit, # 2 Comparator #1043, # 3 Comparator #1092, # 4 Comparator #1329, # 5 Comparator #1330, # 6 Comparator #1476, # 7 Comparator #1574, # 8 Comparator #1667, # 9 Comparator #1672, # 10 Comparator #1695, # 11 Comparator #1805, # 12 Comparator #2232) (Warshawsky, Steven) (Entered: 02/01/2023) |
| 02/02/2023 | 23 | MOTION to Seal Document 22 Letter,, by New York State Unified Court System. (Siudzinski, Michael) (Entered: 02/02/2023) |
| 02/02/2023 | | ORDER granting 23 Motion to Seal Exhibits 2−12 contained in docket 22 . These filings should have been filed under seal pursuant to the Confidentiality Stipulation and Protective Order 21 . Ordered by Judge Brian M. Cogan on 2/2/2023. (PW) (Entered: 02/02/2023) |
| 02/15/2023 | | **Set/Reset Hearing:** Status Conference set for 6:30 pm on 2/16/2023 is **reset to 3:00 pm.** Parties will use the toll−free number 888−684−8852 followed by access code 6427877#. When the conference begins parties will be prompted to input the security code 5264#. (PW) (Entered: 02/15/2023) |
| 02/16/2023 | | Minute Entry and Order for Conference held before Judge Brian M. Cogan on 2/16/2023. Both sides present by telephone. The Court set the following discovery schedule: parties to exchange Rule 26(a)(1) disclosures by 2/23/2023; serve written discovery requests by 3/9/2023; produce written discovery by 4/8/2023; complete fact depositions by 6/7/2023, the date fact discovery ends. The last day for filing a letter requesting a pre−motion conference to file dispositive motions shall be 6/14/2023. (PW) (Entered: 02/16/2023) |
| 06/14/2023 | 24 | Letter MOTION for pre motion conference *for leave to move for Summary Judgment* by New York State Unified Court System. (Siudzinski, Michael) (Entered: 06/14/2023) |
| 06/14/2023 | | ORDER GRANTING 24 . By 6/20/23, plaintiff is directed to file a detailed response to this letter focusing, at least, on what evidence she will rely on to prove that defendant had a raise an issue of fact as to defendant's discriminatory intent. The Court will hold the video premotion conference on 6/23/23 at 10:00 am. A ZoomGov link will be emailed to counsel of record. Ordered by Judge Brian M. Cogan on 6/14/2023. (AR) (Entered: 06/14/2023) |
| 06/14/2023 | 25 | Letter *responding to Defendant's premotion letter and proposing cross−motion for summary judgment* by Jessica Bergin (Attachments: # 1 Defendant's verified interrogatory responses) (Warshawsky, Steven) (Entered: 06/14/2023) |
| 06/23/2023 | | Minute Entry and Order for Pre−Motion Conference held on 6/23/2023 before Judge Brian M. Cogan. Counsel for both sides appeared by video conference. Motions for summary judgment due by 7/28/2023; oppositions due by 8/11/2023. Parties are directed to consult this Court's Individual Practice Rules regarding summary judgment motions, except that the Court waives the 56.1 statement requirement. See transcript for details. (Court Reporter: Michele Luchesse). Ordered by Judge Brian M. Cogan on 6/23/2023. (CD) (Entered: 06/23/2023) Modified on 6/27/2023 to correct event as per |

| | | |
|---|---|---|
| | | systems. (RG). (Entered: 06/27/2023) |
| 07/28/2023 | 26 | Notice of MOTION for Summary Judgment *(Defendant's opposition papers due August 11, 2023)* by Jessica Bergin. (Attachments: # 1 Memorandum in Support, # 2 Exhibit Deposition of Justin Barry (excerpts)) (Warshawsky, Steven) (Entered: 07/28/2023) |
| 07/28/2023 | 27 | MOTION for Summary Judgment by New York State Unified Court System. (Siudzinski, Michael) (Entered: 07/28/2023) |
| 07/28/2023 | 28 | AFFIDAVIT/DECLARATION in Support re 27 MOTION for Summary Judgment filed by New York State Unified Court System. (Attachments: # 1 Exhibit F, # 2 Exhibit G, # 3 Exhibit H, # 4 Exhibit I, # 5 Exhibit J, # 6 Exhibit K) (Siudzinski, Michael) (Entered: 07/28/2023) |
| 07/28/2023 | 29 | AFFIDAVIT/DECLARATION in Support re 27 MOTION for Summary Judgment filed by New York State Unified Court System. (Siudzinski, Michael) (Entered: 07/28/2023) |
| 07/28/2023 | 30 | AFFIDAVIT/DECLARATION in Support re 27 MOTION for Summary Judgment filed by New York State Unified Court System. (Siudzinski, Michael) (Entered: 07/28/2023) |
| 07/28/2023 | 31 | MEMORANDUM in Support re 30 Affidavit in Support of Motion, 27 MOTION for Summary Judgment , 29 Affidavit in Support of Motion, 28 Affidavit in Support of Motion, filed by New York State Unified Court System. (Siudzinski, Michael) (Entered: 07/28/2023) |
| 08/11/2023 | 32 | AFFIDAVIT/DECLARATION in Opposition re 26 Notice of MOTION for Summary Judgment *(Defendant's opposition papers due August 11, 2023) and in Further Support of UCS's Motion for Summary Judgment* filed by New York State Unified Court System. (Attachments: # 1 Exhibit L, # 2 Exhibit M, # 3 Exhibit N) (Siudzinski, Michael) (Entered: 08/11/2023) |
| 08/11/2023 | 33 | MEMORANDUM in Opposition re 26 Notice of MOTION for Summary Judgment *(Defendant's opposition papers due August 11, 2023) and in Further Support of UCS's Motion for Summary Judgment* filed by New York State Unified Court System. (Siudzinski, Michael) (Entered: 08/11/2023) |
| 08/11/2023 | 34 | MEMORANDUM in Opposition re 27 MOTION for Summary Judgment , MEMORANDUM in Support re 26 Notice of MOTION for Summary Judgment *(Defendant's opposition papers due August 11, 2023)* filed by Jessica Bergin. (Warshawsky, Steven) (Entered: 08/11/2023) |
| 10/04/2024 | 35 | Letter *regarding parties' cross−motions for summary judgment remain pending* by Jessica Bergin (Warshawsky, Steven) (Entered: 10/04/2024) |
| 10/07/2024 | | ORDER re: 35 . The Court appreciates counsel's calling its attention to this matter and will resolve the pending motion at its earliest opportunity. Ordered by Judge Brian M. Cogan on 10/7/2024. (PW) (Entered: 10/07/2024) |
| 10/08/2024 | 36 | MEMORANDUM DECISION AND ORDER dated 10/7/24 that Plaintiff's motion for summary judgment 26 is granted and defendant's motion for summary judgment 27 is denied. By separate order, the Court will set this matter down for trial on the issue of damages. ( Ordered by Judge Brian M. Cogan on 10/7/2024 ) (RG) (Entered: 10/08/2024) |
| 10/08/2024 | | SCHEDULING ORDER: The Court sets a pretrial schedule as follows: (1) the parties are directed to file a Joint Pretrial Order using the form posted on the Court's website by 10/29/2024; (2) the parties are to simultaneously file on the docket exhibits to which objection has been made, and those portions of deposition testimony that a party intends to offer and to which the adversary objects, both as reflected in the Joint Pretrial Order, so that the Court can rule on the objections at the Final Pretrial Conference to the extent practicable. Exhibits that the parties may use solely for the purposes of impeachment or rebuttal should be omitted from the Joint Pretrial Order; (3) a Pretrial Conference will be held by video on 11/5/2024 at 10:30 am. A ZoomGov link will be emailed to counsel of record. Ordered by Judge Brian M. Cogan on 10/8/2024. (PW) (Entered: 10/08/2024) |

| | | |
|---|---|---|
| 10/17/2024 | 37 | Letter *Motion for pre−motion conference for leave to move for certification of appealability and reconisideration* by New York State Unified Court System (Rothman, Robyn) Modified on 10/28/2024 (PW). (Entered: 10/17/2024) |
| 10/18/2024 | 38 | Letter *opposing Defendant's request for premotion conference (Docket No. 37)* by Jessica Bergin (Warshawsky, Steven) (Entered: 10/18/2024) |
| 10/18/2024 | 39 | Joint MOTION for Extension of Time to File *Joint Pretrial Order*, Joint MOTION to Adjourn Conference *scheduled for November 5, 2024* by Jessica Bergin. (Warshawsky, Steven) (Entered: 10/18/2024) |
| 10/18/2024 | | ORDER granting 39 . The parties are directed to file a Joint Pretrial Order by 11/29/2024 consistent with the instructions set forth in the Court's 10/8/2024 Scheduling Order. Final Pretrial Conference is adjourned to 12/6/2024 at 10:30 am. A ZoomGov link will be emailed to counsel of record. Further extensions are not assured. Ordered by Judge Brian M. Cogan on 10/18/2024. (PW) (Entered: 10/18/2024) |
| 10/20/2024 | | SCHEDULING ORDER: The premotion conference is waived. Letter Motion 37 is deemed to constitute defendant's motion for certification of appealability and reconsideration of the Court's Memorandum Decision and Order; 38 is deemed to be plaintiff's opposition. Oral Argument on the motion will be held by video on 10/29/2024 at 10:00 am. A ZoomGov link will be emailed to counsel of record. Ordered by Judge Brian M. Cogan on 10/20/2024. (PW) (Entered: 10/20/2024) |
| 10/29/2024 | | Minute Entry for oral argument on defendant's 37 motion for certification of appealability and reconsideration held before Judge Brian M. Cogan on 10/29/2024. Both sides present by video. The Court heard argument on the motion and reserved decision. See transcript for details. (Court Reporter: Anthony Frisolone.) (PW) (Entered: 10/29/2024) |
| 11/04/2024 | 40 | MEMORANDUM DECISION AND ORDER dated 11/4/24 that defendant's 37 Motion for Certification of Appealability and reconsideration is DENIED. ( Ordered by Judge Brian M. Cogan on 11/4/2024 ) (RG) (Entered: 11/04/2024) |
| 11/22/2024 | 41 | Letter MOTION for Extension of Time to File *Joint Pretrial Order*, Letter MOTION to Adjourn Conference *re: pretrial, on behalf of all parties* by New York State Unified Court System. (Siudzinski, Michael) (Entered: 11/22/2024) |
| 11/22/2024 | | ORDER granting 41 . Joint Pretrial Order due by 1/30/2025; Final Pretrial Conference adjourned to 2/7/2025 at 11:00 am. A ZoomGov link will be emailed to counsel of record. Ordered by Judge Brian M. Cogan on 11/22/2024. (PW) (Entered: 11/22/2024) |
| 01/30/2025 | 42 | Letter *re: Parties' Proposed JPTO* by New York State Unified Court System (Attachments: # 1 Proposed Order Parties' Joint Pre−Trial Order) (Siudzinski, Michael) (Entered: 01/30/2025) |
| 02/07/2025 | | Minute Entry and Order for Pretrial Conference held before Judge Brian M. Cogan on 2/7/2025. Both sides present by video. A video bench trial, subject to the parties' approval, will commence on 3/13/2025 at 10:00 am. See transcript for details. (Court Reporter Rivka Teich.) (PW) (Entered: 02/07/2025) |
| 03/10/2025 | 43 | Letter *with Attached Proposed Judgment to be So−Ordered* by New York State Unified Court System (Attachments: # 1 Proposed Judgment) (Siudzinski, Michael) (Entered: 03/10/2025) |
| 03/10/2025 | 44 | CONSENT JUDGMENT dated 3/10/25 that Plaintiff and Defendant intend that this Consent Judgment together with the Court's October 7, 2024 Decision and Order, which is attached hereto as Exhibit A and incorporated by reference herein, constitute a final order in this Action for purposes of taking an appeal to the United States Court of Appeals, Second Circuit. No further litigation orproceedings shall be taken regarding the issue of damages and attorneys' fees and costs, except attorneys' fees and costs that may arise after execution of this Consent Judgment. ( Ordered by Judge Brian M. Cogan on 3/10/2025 ) (RG) (Entered: 03/10/2025) |
| 03/27/2025 | 45 | NOTICE OF APPEAL as to 36 Order on Motion for Summary Judgment,,, 44 Consent Judgment,, by New York State Unified Court System. Appeal Record due by 4/10/2025. (Siudzinski, Michael) (Entered: 03/27/2025) |

| | | |
|---|---|---|
| 03/27/2025 | | APPEAL FILING FEE DUE re 45 Notice of Appeal Payment in the amount of $605.00, can be made in person to the clerks office, or mailed in or paid online with the event *Civil Case Appeal Filing Fee*. (VJ) (Entered: 03/27/2025) |
| 03/27/2025 | | Electronic Index to Record on Appeal sent to US Court of Appeals. 45 Notice of Appeal Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (VJ) (Entered: 03/27/2025) |