Law Firm of Steven M. Warshawsky
www.warshawskylawfirm.com

118 North Bedford Road, Suite 100
Mount Kisco, New York 10549

Tel: (914) 864-3353
Email: smw@warshawskylawfirm.com

March 20, 2026

**VIA ELECTRONIC CASE FILING**
Clerk of Court
U.S. Court of Appeals, 2nd Circuit
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

Re: *Bergin v. New York State Unified Court System*
Appeal No. 25-721

To the Clerk:

I represent Plaintiff-Appellee Jessica Bergin in the above-referenced appeal.

I am writing pursuant to FRAP 28(j) to submit supplemental authority in support of Plaintiff's position in this appeal: *Olivier v. City of Brandon, Mississippi*, 607 U.S. ___, 2026 WL 783725 (Mar. 20, 2026).

The Supreme Court's decision today in *Olivier* is pertinent to the question presented in this appeal regarding how to interpret and apply Justice Scalia's opinion in *EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768 (2015), in the context of the case at bar. This was the main topic of discussion at oral argument on March 5, 2026.

*Olivier* was a First Amendment case under Section 1983, not a religious accommodation case under Title VII. But the central question in *Olivier* was how to interpret and apply a prior Supreme Court decision, *Heck v. Humphrey*, 512 U.S. 477 (1994) (also written by Justice Scalia), to the facts of *Olivier*. The Court held that *Heck* did not apply, and instead the case was governed by an older precedent that squarely fit the facts of the case.

Significantly, the Court acknowledged that, although "strictly speaking, the *Heck* language fits . . . that could just show that the phrasing was not quite as tailored as it should have been." *Id.* at *7. The Court went on to explain that "general language in judicial opinions should be read as referring in context to circumstances similar to the circumstances then before the Court and not referring to quite different circumstances that the Court was not then considering." *Id.* (citation omitted).

This is precisely the situation in the case at bar regarding the *Abercrombie* decision. The circumstances before the Court in *Abercrombie* did not involve an employee whose request for a religious accommodation to a mandatory workplace policy was denied and as a result she was fired for not complying with the policy. Yet these are the facts here. Rather, *Abercrombie* addressed a different set of facts – involving a job applicant who was not hired because the employer assumed she needed, but it did not want to give her, a religious accommodation. Thus, *Abercrombie* was a failure to hire case, not a reasonable accommodation case.

As the Supreme Court explained in *Olivier* regarding the *Heck* decision, "the *Heck* Court did not consider such a suit [as brought by Olivier], and the *Heck* language was not meant to address it." *Id.* at *7. The exact same reasoning applies here. The *Abercrombie* Court did not consider such a suit as brought by Bergin, and the *Abercrombie* language was not meant to address it.

My client and I thank the Court for its consideration of this supplemental authority.

Respectfully submitted,

/s/ Steven M. Warshawsky

Steven M. Warshawsky
*Attorney for Jessica Bergin*

cc: All counsel of record (via ECF)