**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

**MOTION INFORMATION STATEMENT**

**Docket Number(s):** 25-721

Caption [use short title]

Bergin v. N.Y. State Unified Court System

**Motion for:** Leave to File Amicus Brief

Set forth below precise, complete statement of relief sought:

Leave to file Brief of Amici Curiae
Christian Legal Society and Jewish Coalition for
Religious Liberty in Support of
Petition for Rehearing En Banc

**MOVING PARTY:** Amici Curiae

**OPPOSING PARTY:**

☐ Plaintiff ☐ Defendant

☐ Appellant/Petitioner ☐ Appellee/Respondent

**MOVING ATTORNEY:** John C. Sullivan

**OPPOSING ATTORNEY:**

[name of attorney, with firm, address, phone number and e-mail]

Court- Judge/ Agency appealed from: United States District Court for the Eastern District of New York - Judge Cogan

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☒ Yes ☐ No (explain):

Opposing counsel's position on motion:
☒ Unopposed ☐ Opposed ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☐ No ☒ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below? ☐ Yes ☐ No

Has this relief been previously sought in this court? ☐ Yes ☐ No

Requested return date and explanation of emergency:

Is the oral argument on motion requested? ☐ Yes ☒ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set? ☐ Yes ☒ No If yes, enter date:

**Signature of Moving Attorney:**

**Date:** 10/16/2026 Service : ☒ Electronic ☐ Other [Attach proof of service]

**Case No. 25-721**

# In the United States Court of Appeals for the Second Circuit

JESSICA BERGIN,

*Plaintiff–Appellee-Petitioner*,

*v.*

NEW YORK STATE UNIFIED COURT SYSTEM,

*Defendant–Appellant-Respondent*.

On Appeal from the United States District Court
for the Eastern District of New York
Case No. 22-cv-5264 (BMC)

**MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* CHRISTIAN LEGAL SOCIETY AND JEWISH COALITION FOR RELIGIOUS LIBERTY IN SUPPORT OF THE PETITION FOR REHEARING *EN BANC***

John C. Sullivan
Jace R. Yarbrough
Cliff P. Riley
Sarah C. Cohen
**S | L LAW PLLC**
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
T: (469) 523-1351
F: (469) 613-0891
john.sullivan@the-sl-lawfirm.com

*Counsel for Amici Curiae*

Pursuant to Federal Rules of Appellate Procedure 29(b)(2)–(3) and 29(a)(3), the Christian Legal Society and the Jewish Coalition for Religious Liberty respectfully move for leave to file the accompanying brief of *amici curiae* in support of Plaintiff–Appellee-Petitioner Jessica Bergin's petition for rehearing *en banc*. *Amici*'s contribution concerns the doctrinal relationship between deliberate enforcement of a conflicting employment requirement and the motive necessary to establish religious discrimination under *EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768 (2015).

## IDENTITY AND INTEREST OF *AMICI CURIAE*

*Amici Curiae* represent different religious communities but share a common concern for individual religious rights, including the ability to participate in the workforce without abandoning sincerely held religious practices. They seek to preserve the religious-accommodation protections Congress enacted in Title VII and that the Supreme Court explained in *EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768 (2015).

*Amicus* Christian Legal Society is a nationwide association of Christian lawyers and law students whose mission includes legal aid and advocacy for religious liberty for all. Its work includes the law of religious

accommodation under Title VII, and it has an interest in ensuring that employees can invoke those protections without an unwarranted additional evidentiary burden.

*Amicus* Jewish Coalition for Religious Liberty is a non-denominational organization dedicated to protecting religious freedom for all Americans. Founded in 2016, it is an association of Jewish-American lawyers, rabbis, and communal professionals committed to defending religious liberty. JCRL has submitted *amicus* briefs in state and federal courts, including the Supreme Court of the United States.

The question presented extends beyond vaccination policies. Sabbath observance, religious dress, and other religious practices may conflict with otherwise legitimate employment rules. *Amici* have a substantial interest in ensuring that the standard governing such conflicts gives effect to Title VII's accommodation requirement rather than reducing that protection to mere equal treatment under a neutral rule.

## RELEVANCE AND DESIRABILITY OF THE PROPOSED BRIEF

Courts are "usually delighted to hear additional judgments from able *amici* that will help the court toward right answers." *Mass. Food*

*Ass'n v. Mass. Alcoholic Beverages Control Comm'n*, 197 F.3d 560, 567 (1st Cir. 1999). This is particularly true when an *amicus* provides "information on matters of law about which there [is] doubt, especially in matters of public interest." *United States v. Michigan*, 940 F.2d 143, 164 (6th Cir. 1991). The *amicus* brief here can aid the Court in considering the statutory context and where the panel opinion fits in the larger spectrum of Title VII cases across the country.

Pursuant to Federal Rule of Appellate Procedure 29(a)(3), *amici*'s brief is desirable and relevant to the disposition of the case because it offers the view of major stakeholders in this Circuit addressing a focused question directly bearing on whether rehearing is warranted: what additional anti-accommodation purpose must an employee prove after establishing deliberate adverse action because of a conflicting religious practice? If deliberate adverse action because of a conflicting religious practice does not supply the requisite motive, the panel demands something beyond the causal showing that *Abercrombie* identifies as synonymous with refusing accommodation. The *amicus* brief thus makes three points to illustrate the need to correct the panel's departure from the overall context of *Abercrombie*'s statements about "motive."

First, the brief examines how *Abercrombie*'s motive language operates alongside the Supreme Court's explanation that failing to hire because of religious practice is "synonymous with refusing to accommodate the religious practice." 575 U.S. at 772 n.2. *Amici* explain that when the evidence establishes the deliberate and causally connected employment decision, a separate purpose behind the refusal to accommodate should not be required. This analysis accepts the plaintiff's burden to establish causation; it does not contend that knowledge of an accommodation need alone establishes liability.

Second, the brief explains the significance of Title VII's "favored treatment" of religious practices. *Id.* at 775. An employer's preference for uniform enforcement may explain why it chose not to accommodate rather than negate the role of the religious conflict in the adverse action. *Amici* address how that principle applies across religious traditions while preserving the employer's statutory accommodation and undue-hardship defenses. This provision of *Abercrombie* has been of great value to *amici*'s members for more than a decade but has now been undermined by the panel opinion.

Third, the brief distinguishes the explanation for denying an accommodation request from the explanation for subsequently discharging the employee. This distinction is important since a procedural deficiency in an exemption request does not, by itself, resolve what motivated the discharge. That distinction is particularly relevant here because the panel identifies termination as the cognizable adverse employment action and leaves factual and evidentiary questions for remand. *Amici* seek reinstatement of the legal standard—in line with longstanding interpretation of *Abercrombie*—rather than resolution of those reserved disputes.

The petition itself develops the lopsided inter-circuit conflict. The proposed *amicus* brief seeks to complement that presentation with a focused explanation of the causal showing, the role of neutral enforcement, and the distinction between denial and discharge. It also identifies the practical consequences of the panel's framework for employees of different faiths. Those matters will assist the Court in determining whether rehearing is warranted to ensure fidelity to Supreme Court precedent and address a question of exceptional importance. *See* Fed. R. App. P. 40(b)(2).

## TIMELINESS

Bergin filed her petition for rehearing *en banc* on October 9, 2026. The proposed brief and this motion are submitted on October 16, 2026, within the seven-day period prescribed by Federal Rule of Appellate Procedure 29(b)(5). *Amici* request no extension of the filing deadline. The proposed brief accompanies this motion as required by Rules 29(a)(3) and 29(b)(3).

## CONCLUSION

For these reasons, the Christian Legal Society and the Jewish Coalition for Religious Liberty respectfully request leave to file the attached *amicus* brief in support of the petition for rehearing *en banc*.

October 16, 2026

Respectfully submitted.

*/s/ John C. Sullivan*

John C. Sullivan
Jace R. Yarbrough
Cliff P. Riley
Sarah C. Cohen
**S | L LAW PLLC**
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
T: (469) 523-1351
F: (469) 613-0891
john.sullivan@the-sl-lawfirm.com

*Counsel for Amici Curiae*

## Certificate of Conference

I certify that I have conferred on this motion by email with counsel for both parties from October 14 through October 16, 2026. The Petitioner consents to the filing of this *amicus* brief and the Respondent "takes no position" on the filing of this *amicus* brief. Though asked, Respondent has not yet indicated whether a response to this motion would be filed.

*/s/ John C. Sullivan*
John C. Sullivan

*Counsel for Amici Curiae*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 969 words, excluding the portions exempted by Federal Rule of Appellate Procedure 32(f).

This motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because its substantive text is prepared in a proportionally spaced, 14-point Century Schoolbook typeface.

*/s/ John C. Sullivan*
John C. Sullivan

*Counsel for Amici Curiae*

## CERTIFICATE OF SERVICE

I certify that on October 16, 2026, I caused the foregoing motion and accompanying proposed *amicus* brief to be filed through this Court's CM/ECF system, which will serve a notice of electronic filing on all registered users.

*/s/ John C. Sullivan*
John C. Sullivan

*Counsel for Amici Curiae*