**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

**MOTION INFORMATION STATEMENT**

**Docket Number(s):** 25-721

Caption [use short title]

Bergin v. N.Y. State Unified Court System

**Motion for:** Stay of the Mandate pursuant to Fed. R. App. P. 41(d)(1).

Set forth below precise, complete statement of relief sought:

A stay of this Court's mandate pending the filing and disposition of a petition for a writ of certiorari.

**MOVING PARTY:** Jessica Bergin

**OPPOSING PARTY:** N.Y. State Unified Court System

☐ Plaintiff ☐ Defendant

☐ Appellant/Petitioner ☒ Appellee/Respondent

**MOVING ATTORNEY:** Luke W. Goodrich

**OPPOSING ATTORNEY:** Michael J. Siudzinski

[name of attorney, with firm, address, phone number and e-mail]

The Becket Fund for Religious Liberty
1919 Pennsylvania Ave. NW, Suite 400, Washington, DC 20006
Ph: (202) 955-0095; lgoodrich@becketfund.org

N.Y. State Office of Court Administration
25 Beaver Street, 10th Fl, New York, NY 10004
Ph: (212) 428-2150; msiudzin@nycourts.gov

Court- Judge/ Agency appealed from: E.D.N.Y. - Judge Cogan

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☒ Yes ☐ No (explain):

Opposing counsel's position on motion:
☒ Unopposed ☐ Opposed ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☑ No ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below? ☐ Yes ☒ No

Has this relief been previously sought in this court? ☐ Yes ☒ No

Requested return date and explanation of emergency: The Court's mandate is scheduled to issue on November 16, 2026. We request that the Court rule on this motion before that date.

Is the oral argument on motion requested? ☐ Yes ☒ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set? ☐ Yes ☒ No If yes, enter date:

**Signature of Moving Attorney:**

/s/ Luke W. Goodrich **Date:** 11/13/2026 Service : ☒ Electronic ☐ Other [Attach proof of service]

**Form T-1080** (rev. 10-23)

# 25-721

**IN THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

JESSICA BERGIN,

*Plaintiff-Appellee*,

v.

NEW YORK STATE UNIFIED COURT SYSTEM,

*Defendant-Appellant*.

Appeal from the United States District Court for the Eastern District of New York, No. 22-cv-5264 (BMC)

## UNOPPOSED MOTION OF PLAINTIFF-APPELLEE TO STAY THE MANDATE

STEVEN M. WARSHAWSKY
THE WARSHAWSKY LAW FIRM
118 North Bedford Road
Suite 100
Mount Kisco, New York 10549
(914) 864-3353
*smw@warshawskylawfirm.com*

LUKE W. GOODRICH
REBEKAH P. RICKETTS
JORDAN T. VARBERG
BENJAMIN A. FLESHMAN
LEO T. O'MALLEY*
THE BECKET FUND FOR RELIGIOUS LIBERTY
1919 Pennsylvania Ave. NW
Suite 400
Washington, DC 20006
(202) 955-0095
*lgoodrich@becketfund.org*

**Not admitted to the D.C. Bar; admitted only in South Dakota. Practice limited to cases in federal court and supervised by licensed D.C. Bar members.*

## INTRODUCTION

Appellee Jessica Bergin respectfully moves to stay the mandate pending the filing and disposition of her forthcoming petition for certiorari. Her petition will "present a substantial question" that has divided federal circuit courts, and "there is good cause for a stay." Fed. R. App. P. 41(d)(1). Appellant New York State Unified Court System ("UCS") consents to this motion.

## BACKGROUND

Jessica Bergin worked as a court officer for UCS. When UCS notified her that she must receive a COVID-19 vaccine or obtain a medical or religious exemption, Bergin timely requested a religious exemption. However, UCS denied her request and terminated her "for failure to comply with the vaccination requirement." Op.6. Bergin then sued under Title VII, alleging that UCS failed to accommodate her religious practice, and the district court granted summary judgment to Bergin.

On appeal, a panel of this Court vacated the grant of summary judgment and remanded for further proceedings, concluding that *EEOC v. Abercrombie & Fitch Stores*, 575 U.S. 768 (2015), "abrogated" this Circuit's prima facie test for religious accommodation claims. Op.3-4. Bergin petitioned for rehearing, which was denied on September 10, 2026. However, on September 15, the panel issued an amended opinion. Bergin again petitioned for rehearing, which was denied on November 9. Absent a stay, the mandate will issue on November 16.

## ARGUMENT

A stay of the mandate is appropriate when an impending petition for certiorari presents a "substantial question" and there is "good cause for a stay." Fed. R. App. P. 41(d)(1). Here, both criteria are met. The forthcoming certiorari petition will present a substantial question by asking the Supreme Court to resolve a circuit conflict over its decision in *Abercrombie*, 575 U.S. 768. Good cause also exists, as a stay will cause no harm to UCS and will promote judicial economy by avoiding potentially unnecessary remand proceedings while the petition is pending.

### I. Bergin's petition will present a substantial question.

To obtain a stay, Bergin does not need to show that her petition for certiorari will prevail—only that it presents a "substantial question." Fed. R. App. P. 41(d)(1). "[T]he applicant must show a reasonable probability that four justices will vote to grant certiorari and a reasonable possibility or 'fair prospect' that five justices will vote to reverse the circuit court's judgment." 21 *Moore's Federal Practice* § 341.14[2] (3d ed. 2026); *see also Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers) (same); *United States v. Silver*, 954 F.3d 455, 457 (2d Cir. 2020) (same); *Belya v. Kapral*, No. 21-1498 (2d Cir. Feb. 23, 2023), Dkt. 304 (entering stay).

As the Supreme Court has explained in describing a similar "substantial showing" standard, the applicant "need not show that he should pre-

vail on the merits." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). Indeed, the Court may grant relief even though the applicant "has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." *Id.* (cleaned up).

Bergin's forthcoming petition meets this standard for three reasons: (1) the panel's opinion created a lopsided circuit split; (2) there is a substantial difference of judicial opinion over the effect, if any, of *Abercrombie* on the prima facie case for failure-to-accommodate claims; and (3) the issues are important.

1. The panel split with ten circuits by interpreting *Abercrombie* to impose a new requirement: to state a prima facie case of failure to accommodate under Title VII, employees must prove "that the employer's desire to avoid the actually required prospective accommodation was a motivating factor" in the adverse employment decision. Op.14. The panel recognized that this interpretation of *Abercrombie* "abrogated" circuit precedent, which did not previously require any such showing of motive but instead deemed it sufficient that an employee had requested, and was denied, a religious accommodation. Op.11. And indeed, after the Supreme Court's decision in *Abercrombie*, the First, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits continue to articulate the prima facie standard the same way this Court did previously or

have implemented *Abercrombie* in the opposite direction, making the prima facie case easier to satisfy.[1] Pet. for Reh'g En Banc at 6-9, Dkt. 75.1 (summarizing split). As the EEOC argued in support of rehearing here: "No other circuit has adopted this [panel's] framework." EEOC Br.5, Dkt. 55.1.

For example, two circuits recently considered the prima facie case in COVID vaccine cases just like this one—and ruled for the employee. In *Wright v. Honeywell International*, the employer fired an employee who failed to get vaccinated after he allegedly "did not adequately identify any sincerely held religious belief" conflicting with the vaccine requirement. 148 F.4th 779, 781 (5th Cir. 2025). The Fifth Circuit held the employee satisfied the prima facie standard at summary judgment because he had identified a religious belief regarding his bodily autonomy and had "informed Honeywell that his belief was religious." *Id.* at 783-84.

Similarly, in *Wilkins-Bailey v. Essity Professional Hygiene North America*, the employee disclosed "her belief that her 'body is a temple,'"

---

[1] *Thornton v. Ipsen Biopharms.*, 126 F.4th 76, 81-82 (1st Cir. 2025); *Smith v. City of Atlantic City*, 138 F.4th 759, 774 (3d Cir. 2025); *EEOC v. Consol Energy*, 860 F.3d 131, 141 (4th Cir. 2017); *Wright v. Honeywell Int'l*, 148 F.4th 779, 784 (5th Cir. 2025); *Sturgill v. Am. Red Cross*, 114 F.4th 803, 809 (6th Cir. 2024); *Kluge v. Brownsburg Cmty. Sch. Corp.*, 150 F.4th 792, 802 (7th Cir. 2025); *Zarn v. Minn. Dep't of Hum. Servs.*, 165 F.4th 1143, 1150 (8th Cir. 2026); *Weiss v. Permanente Med. Grp.*, 182 F.4th 1139, 1144 (9th Cir. 2026); *Tabura v. Kellogg USA*, 880 F.3d 544, 549 (10th Cir. 2018); *Bailey v. Metro Ambulance Servs.*, 992 F.3d 1265, 1275 & n.4 (11th Cir. 2021).

189 F.4th 400, 411 (4th Cir. 2026), but her employer denied accommodation because it thought her beliefs were "secular," not religious, *id.* at 408. The Fourth Circuit ruled for the employee at summary judgment, holding that she met the prima facie standard despite her employer's doubts about her religiosity. *Id.* at 410-15.

Other circuits have reached similar results in vaccine cases at earlier stages of litigation. *See, e.g.*, *Ringhofer v. Mayo Clinic*, 102 F.4th 894, 901 (8th Cir. 2024); *Weiss*, 182 F.4th at 1146-47. And the Supreme Court often takes cases to resolve circuit splits like this one. Sup. Ct. R. 10(a).

2. As the circuit split suggests, *Abercrombie*'s import is not only "debatable among jurists of reason," *Barefoot*, 463 U.S. at 893 n.4—it's actively being debated. The panel read *Abercrombie* to make the prima facie case harder to establish, requiring a showing that the employer harbored a motive to avoid providing an accommodation. Op.11. But other circuits have considered the effect of *Abercrombie* on their circuit's prima facie standard and have held, contrary to the panel here, that *Abercrombie* makes the prima face case *easier* to satisfy. As the Eleventh Circuit put it, *Abercrombie* "clarified that an employer need not have 'actual knowledge' of an applicant's or an employee's need for accommodation if the employee can show that his need for an accommodation was a motivating factor in the employer's adverse employment action." *Bailey*, 992 F.3d at 1275 n.4. Thus, "[t]o account for *Abercrombie*," the court "modifie[d]" the prima facie standard to reflect this lesser burden. *Id.* at 1275

& n.4. So too, the Seventh Circuit recognized that *Abercrombie* lowered the employee's burden, updating its standard to note that "an employer does not need actual knowledge of the accommodation's religious nature." *Kluge*, 150 F.4th at 802.

Thus, the issue is debatable among jurists of reason.

3. Finally, the issue's importance increases the likelihood of Supreme Court review and reversal. *See* Sup. Ct. R. 10(c). The ruling provides employers with new avenues to defeat failure-to-accommodate claims. The panel suggested that an employer would lack the requisite motive if it denies accommodation due to an "employee's failure to timely provide sufficient information" or where it "did not know from [the employee's] initial application if she was sincere." Op.12 n.2, 16. Employers accordingly now have strong incentives to complicate the accommodation process with layers of bureaucracy.

This shifts the balance of power in religious accommodation cases to employers. Tellingly, management-side firms are already touting the panel's decision as a "landmark ruling"[2] and encouraging employers to "inquir[e] about sincerity or consistency"[3] and use documentation to

---

[2] Adam Mastroleo, *Second Circuit Revises the Standard for Title VII Religious Accommodation Claims*, Legal500 (July 31, 2026), https://perma.cc/JS4X-ZXAW.

[3] Christopher P. Maugans, *Second Circuit Realigns Title VII Religious Accommodation Standard*, Goldberg Segalla (July 24, 2026), https://perma.cc/KL44-8379.

"show that the [denial of the accommodation] was based on the circumstances of the request, not a desire to avoid providing an accommodation."[4]

The Supreme Court has shown a willingness to grant petitions that challenge lower courts' misunderstandings of prior Supreme Court decisions addressing Title VII failure-to-accommodate claims. *See Groff v. DeJoy*, 600 U.S. 447 (2023). At a minimum, there is a reasonable probability of a grant of certiorari. And for similar reasons, should certiorari be granted, there is a fair prospect that five justices would rule in favor of Bergin. This Court need not agree that is probable, nor that the decision is incorrect. *See Barefoot*, 463 U.S. at 893 n.4. It need only recognize that, just as the issue has divided the circuits, and just as the district court ruled differently in this case, the Supreme Court could decide the matter differently, too.

## II. There is good cause for a stay.

Good cause is established by the "equities in the case." David G. Knibb, *Federal Court of Appeals Manual* § 34:13 (7th ed. 2026); *see also Nat'l Republican Cong. Comm. v. Brown*, 609 U.S. 1082, 1084 (2026) (courts will "balance the equities and weigh the relative harms to the applicant and to the respondent"). This includes an analysis of both the potential for irreparable injury and the public interest. *See* 21 *Moore's Federal*

---

[4] *What Employers Can Learn from Second Circuit's Religious Accommodations Decision*, Lockaby PLLC, https://perma.cc/ZE3K-FA4N.

*Practice* § 341.14[2]. Where, as here, the parties agree that a stay should be granted, the primary criterion is the public interest. *See Books v. City of Elkhart*, 239 F.3d 826, 828-29 (7th Cir. 2001) (Ripple, J., in chambers) (focusing on "the public interest" where "both parties agree that a stay ought to be granted").

In considering the public interest, it is relevant that the purpose of a stay is "to allow [the Supreme Court] time to consider a petition for certiorari." *Ryan v. Schad*, 570 U.S. 521, 524 (2013). Here, the parties have already completed discovery tailored to this Court's longstanding prima facie test for Title VII failure to accommodate claims, which did not include an added "motive" requirement. *Bergin v. N.Y. State Unified Ct. Sys.*, No. 22-cv-5264, 2024 WL 4444434, at *2 (E.D.N.Y. Oct. 8, 2024) (granting summary judgment for Bergin under the original prima facie test). Now, the panel opinion has vacated the district court's grant of summary judgment for Bergin, requiring her to show on remand that "the employer's desire to avoid the actually required prospective accommodation was a motivating factor" in her firing. Op.4.

As detailed above, this conflicts with the decisions of ten other circuit courts and will necessitate novel and potentially onerous proceedings on remand, likely including reopening discovery. An immediate remand would thus significantly burden the district court and both parties. And if the Supreme Court grants certiorari and reverses, all of the additional

proceedings on remand would be rendered useless. Thus, judicial efficiency is best served by a stay to give the Supreme Court an opportunity to consider the certiorari petition and provide guidance on the appropriate interpretation of Title VII. The advantages of a stay are particularly compelling here, where UCS consents to the stay, neither party will be harmed, and both will benefit by waiting for clarity from the Supreme Court.

## CONCLUSION

For the forgoing reasons, Bergin submits that the "substantial question" and "good cause" requirements for a stay are satisfied. Fed. R. App. P. 41(d)(1). Accordingly, Bergin respectfully requests that the Court grant this unopposed motion and stay the mandate in this appeal pending the Supreme Court's disposition of her forthcoming petition for a writ of certiorari.

Respectfully submitted,

STEVEN M. WARSHAWSKY
THE WARSHAWSKY LAW FIRM
118 North Bedford Road
Suite 100
Mount Kisco, New York 10549
(914) 864-3353
*smw@warshawskylawfirm.com*

LUKE W. GOODRICH
REBEKAH P. RICKETTS
JORDAN T. VARBERG
BENJAMIN A. FLESHMAN
LEO T. O'MALLEY*
THE BECKET FUND FOR
RELIGIOUS LIBERTY
1919 Pennsylvania Ave. NW
Suite 400
Washington, DC 20006
(202) 955-0095
*lgoodrich@becketfund.org*

**Not admitted to the D.C. Bar; admitted only in South Dakota. Practice limited to cases in federal court and supervised by licensed D.C. Bar members.*

## CERTIFICATE OF COMPLIANCE

This document complies with the requirements of Fed. R. App. P. 27(d) because it has 2,056 words. This document also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

November 13, 2026 /s/ *Luke W. Goodrich*
Luke W. Goodrich

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Second Circuit by using the appellate CM/ECF system on November 13, 2026. I certify that all participants in the case have been served a copy of the foregoing by the appellate CM/ECF system.

November 13, 2026 /s/ *Luke W. Goodrich*
Luke W. Goodrich